UNITED STATES DISTRICT COURT
FOR THE
SOUTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | Civil Action No. 13-0472-CG-C |
| CARNIVAL CORPORATION; BAE ) | |
| SYSTEMS SSY ALABAMA ) | |
| PROPERTY HOLDINGS, LLC; BAE ) | |
| SYSTEMS SOUTHEAST SHIPYARDS ) | |
| LLC, *in personam;* and M/V ) | |
| CARNIVAL TRIUMPH, her engines, ) | |
| tackle, gear, appurtenances, and all ) | |
| accessories, *in rem*, ) | |
| ) | |
| Defendants. | |

UNITED STATES' VERIFIED ADMIRALTY COMPLAINT

NATURE OF ACTION

The United States seeks to recover damages caused by the allision of the M/V CARNIVAL TRIUMPH, a cruise ship owned and operated by Carnival Corporation, with the M/V WHEELER, a dredging vessel owned and operated by the United States Army Corps of Engineers.  On April 3, 2013, the M/V CARNIVAL TRIUMPH, which was undergoing repair, broke free of its moorings at BAE Systems Southeast Shipyards Alabama LLC ("BAE Shipyard"), a facility owned by BAE Systems SSY Alabama Property Holdings, LLC ("BAE Property").

The United States brings a strict liability claim against Defendant Carnival Corporation, *in personam*, and against Defendant M/V CARNIVAL TRIUMPH, *in rem*, under the Rivers and Harbors Act of 1899, 33 U.S.C. §§ 401-76.  It further asserts negligence claims arising under the general maritime law against Defendants Carnival Corporation, BAE Property, and BAE Shipyard, *in personam*, and against Defendant M/V CARNIVAL TRIUMPH, *in rem*.

## PARTIES

1. Plaintiff United States is a sovereign nation authorized to sue under 28 U.S.C. § 1345 (United States as Plaintiff).  The United States Army Corps of Engineers is an agency of the United States.

2. Defendant Carnival Corporation is a foreign corporation with its headquarters and principal place of business in Miami, Florida.  Carnival Corporation owned and operated the M/V CARNIVAL TRIUMPH on April 3, 2013, the day of the incident.

3. Defendant BAE Property is a Delaware limited liability company.  BAE Property owned wharfs, piers, or other property where events giving rise to this lawsuit occurred.

4. Defendant BAE Shipyard, a Delaware limited liability company, having entered into a contract with Carnival Corporation, operated the facility where the M/V CARNIVAL TRIUMPH was being repaired.

5. Defendant M/V CARNIVAL TRIUMPH, Official Number 9138850, together with her engines, tackle, gear, appurtenances, and all accessories, is a cruise

ship. Carnival Corporation, as owner of the M/V CARNIVAL TRIUMPH, has, or will cause, a $500,000 Letter of Undertaking to be issued on behalf of the United States. It has agreed to file an appearance on behalf of the M/V CARNIVAL TRIUMPH in this *in rem* proceeding as if the vessel had been arrested. Accordingly, *in rem* service is withheld.

## JURISDICTION AND VENUE

6. This is an admiralty and maritime claim within the Court's jurisdiction pursuant to 28 U.S.C. § 1333 (Admiralty) and Rule 9(h) of the Federal Rules of Civil Procedure.

7. Venue is proper in the United States District Court for the Southern District of Alabama pursuant to 28 U.S.C. § 1391(b)(2) (Venue generally) because "a substantial part of the events or omissions giving rise to the claim occurred" in this District. *Id*.

## FACTS

8. A thunderstorm bringing high winds struck Mobile, Alabama, on April 3, 2013.

9. On that day, the M/V CARNIVAL TRIUMPH was moored at Pier K at BAE Shipyard's facility in Mobile, Alabama.

10. The M/V CARNIVAL TRIUMPH broke free from her moorings, drifted across the Mobile River, and struck the M/V WHEELER, which was moored at the time.

11. The M/V WHEELER is a dredging vessel owned and operated by the United States Army Corps of Engineers, with its home-port at the New Orleans District.

12.     As a result of this incident, the United States incurred damage assessment and repair costs of at least $381,135.01.

## COUNT 1 – STRICT LIABILITY AGAINST DEFENDANTS CARNIVAL CORPORATION AND M/V CARNIVAL TRIUMPH

13.     Plaintiff United States incorporates by reference all other allegations in this Complaint as though fully set forth herein.

14.     Carnival Corporation, as owner and operator of the M/V CARNIVAL TRIUMPH, is a "person" within the meaning of the Rivers and Harbors Act as amended, 33 U.S.C. §§ 408-12.

15.     The M/V CARNIVAL TRIUMPH is a vessel within the meaning of 33 U.S.C. §§ 408-12.

16.     The M/V WHEELER is, and at all pertinent times was, a floating plant used by the United States to construct, preserve, maintain, or improve public works, in particular, navigable waters of the United States under 33 U.S.C. §§ 408-12.

17.     Defendant Carnival Corporation, *in personam*, and Defendant M/V CARNIVAL TRIUMPH, *in rem*, are liable to the United States for the cost of repairing the M/V WHEELER, to include pre-judgment interest.

## COUNT 2 – NEGLIGENCE

18.     Plaintiff United States incorporates by reference all other allegations in this Complaint as though fully set forth herein.

19.     The M/V WHEELER was a vessel in navigation on April 3, 2013, and it remains a vessel in navigation at present.

20. The M/V CARNIVAL TRIUMPH's breakaway and subsequent allision were proximately caused by the negligent acts or omissions of the Defendants in one or more of the following respects:

(a) Failure to safely, properly, and securely moor the M/V CARNIVAL TRIUMPH at Pier K, BAE Shipyard;

(b) Failure to develop and follow a sound mooring plan for the M/V CARNIVAL TRIUMPH;

(c) Failure to use the proper type, size, and number of lines to moor a ship of the size and configuration of the M/V CARNIVAL TRIUMPH;

(d) Failure to properly monitor the mooring lines of the M/V CARNIVAL TRIUMPH;

(e) Failure to provide sufficient tackle, appurtenances, gear, or other equipment to safely, properly, and securely moor the M/V CARNIVAL TRIUMPH;

(f) Failure to adequately monitor weather conditions on April 3, 2013, and, consequently, failure to adapt the mooring of the M/V CARNIVAL TRIUMPH in the face of changing conditions;

(g) Failure to choose an appropriate berth for the M/V CARNIVAL TRIUMPH;

(h) Failure to warn of the inadequacy of the wharfage, bollards, and mooring equipment at Pier K;

(i) Failure to inspect, maintain, repair, and replace unsafe or deteriorated wharfage, bollards, and mooring equipment at Pier K, or to request that such be done;

(j) Any other acts of negligence that caused or contributed to the M/V CARNIVAL TRIUMPH breakaway incident such as may be proven at trial.

21. As a direct and proximate result of the Defendants' negligent acts, the United States incurred assessment and repair costs of at least $381,135.01.

WHEREFORE, the United States prays:

1. That Defendants be summoned to answer this Complaint and that a Warrant be issued for the arrest of the M/V CARNIVAL TRIUMPH, its engines, apparel, tackle, and appurtenances;

2. That a judgment be entered in favor of the United States against Defendants Carnival Corporation, BAE Property, and BAE Shipyard, *in personam*, and against Defendant M/V CARNIVAL TRIUMPH, *in rem*, in an amount of at least $381,135.01, or a greater sum as may be proven, plus interest and costs;

3. That judgment of condemnation and sale be entered against the M/V CARNIVAL TRIUMPH and that the amount of Plaintiff's claim with interest and costs be paid out of the proceeds thereof;

4. That the United States be awarded further relief as the Court may deem just and proper.

DATED:	September 24, 2013

                Respectfully submitted,

                STUART F. DELERY
                Assistant Attorney General

                KENYEN R. BROWN
                United States Attorney
                */s Gary A. Moore*
                GARY A. MOORE (MOORG 6851)
                Assistant United States Attorney
                63 S. Royal Street, Suite 600
                Mobile, Alabama  36602
                Telephone: (251) 415-7104
                Facsimile: (251) 441-5051
                Gary.moore@usdoj.gov

                *s/ Michael A. DiLauro*
                MICHAEL A. DiLAURO
                BENJAMIN R. SWEENEY
                Trial Attorneys
                Aviation & Admiralty Litigation
                Torts Branch, Civil Division
                U.S. Department of Justice
                (overnight courier)
                1425 New York Ave., N.W., Ste. 10146
                Washington, D.C. 20005
                (mailing)
                P.O. Box 14271
                Washington, D.C. 20044-4271
                Telephone:  (202) 616-4047
                Facsimile:   (202) 616-4159
                michael.dilauro@usdoj.gov

Of counsel:

    Jan E. Sutton
    Assistant District Counsel
    New Orleans District
    U.S. Army Corps of Engineers

VERIFICATION

Michael A. DiLauro, hereby declares that:

I am an attorney with the Aviation & Admiralty Office, Torts Branch, Civil Division, U.S. Department of Justice, and one of the attorneys for Plaintiff United States of America, and make this verification by authority of Plaintiff and on its behalf.  I have reviewed the foregoing Complaint, know the contents thereof, and, from information officially furnished to me, believe the same to be true.

I declare under penalty of perjury, in accordance with 28 U.S.C. § 1746, that the foregoing is true and correct.

Executed this 24th day of September, 2013.

*Michael A. DiLauro*
MICHAEL A. DiLAURO
Trial Attorney
U.S. Department of Justice
Torts Branch, Civil Division

Please withhold *in rem* service.